UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMIEN MINNA,

Plaintiff,

v.

LONDA RAE ROWLEY, et al.,

Defendants.

No. 2:21-cv-01329-TLN-CKD

ORDER

Defendants move for an order under Federal Rule of Civil Procedure 36(a)(6) deeming matters admitted. (ECF No. 25.) After careful review of the parties' joint statement addressing the discovery dispute (ECF No. 27), the undersigned finds oral argument to be unnecessary. Accordingly, the hearing scheduled for August 31, 2022 will be vacated. For the reasons set forth below, the undersigned will grant in part and deny in part the motion to deem matters admitted.

## I. BACKGROUND

Plaintiff Damien Minna filed this action under the Americans with Disabilities Act ("ADA") on July 29, 2021. The first amended complaint was filed on December 30, 2021. (ECF No. 13.) Plaintiff alleges defendants Londa Rowley and Marc Rowley failed to provide plaintiff a wheelchair accessible guestroom in conformance with ADA standards when plaintiff and his wife booked a room at the Mossbrae Hotel in Dunsmuir, California, in March of 2021. (See id.)

On May 11, 2022, defendant Marc Rowley served Request for Admission ("RFA"), Set One, to plaintiff. (ECF No. 28-1.)

Initially, plaintiff timely served only objections. (ECF No. 28-2.) Then on June 21, 2022, plaintiff provided supplemental responses. (ECF Nos. 28-3.)

On July 28, 2022, defendant filed notice of this motion to deem matters admitted. (ECF No. 25.) Subsequently, plaintiff served second supplemental responses on or about August 4, 2022. (ECF No. 28-4.) The parties filed their joint statement addressing the discovery dispute required by Local Rule 251 on August 10, 2022. (ECF No. 27.)

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(b)(1), parties

> May obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Pro. 26(b)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted).

Under Federal Rule of Civil Procedure 36,

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either; and
>
> (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1).

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. FRCP Rule 36(a)(4). A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an

answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. Id. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Id.

The requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(1). On finding that an answer does not comply with Rule 26, the court may order either that the matter is admitted or that an amended answer be served. Id.

## III. DISCUSSION

### A. Overview of the Dispute

Following plaintiff's second supplemental responses, at issue are RFAs 5, 7, 9, 10, 11, 13, 14 and 16 of defendant's Request to Admit, Set One. Plaintiff lodged objections to these requests, but those objections are not currently at issue except as to RFA 16, which is addressed individually below. The parties' main dispute is plaintiff's claimed inability to admit or deny, made upon a reasonable inquiry without a description of the reasonable inquiry made.

As set forth below, RFAs 5, 10 and 11 involve whether various statements were made specifically to plaintiff upon arriving at the hotel. Plaintiff responds he does not recall whether he was so informed. Defendant's counsel can test these assertions through other discovery, or at trial, but the court cannot force plaintiff to recall what he does not remember. Without evidence that plaintiff is lying, there is no further response to compel. See Garcia v. Almieda, 2007 WL 1395338, at *1 (E.D. Cal. May 10, 2007) ("Absent evidence to the contrary, which has not been offered, the court and plaintiff must accept defendant's response that she does not have access to the information needed to respond to this interrogatory.")

RFAs 7, 9, 13 and 14 also request information about past events, including the room reservation and plaintiff's other ADA lawsuits. In general, plaintiff responds that after a reasonable inquiry he is unable to admit or deny because he does not know or remember the necessary information. As to these requests, it plainly appears the information necessary to admit or deny should be readily available in accessible records. Such records likely obtainable by plaintiff include, but are not limited to, the profile or account used to book the room reservation

on booking.com, other email or online records, and plaintiff's own counsel for this case. As to these requests, an inquiry solely into plaintiff's own memory is an insufficient basis upon which to claim an inability to admit or deny. Instead, a responding party must state it "has made a reasonable inquiry and that the information it knows *or can readily obtain* is insufficient to enable it to admit or deny. Fed. R. Civ. P. 36(a)(4) (emphasis added); see Asea, Inc. v. Southern Pac. Transp. Co. 669 F.2d 1242, 1246 (9th Cir. 1981). To the extent plaintiff reasonably can review records or otherwise obtain information to make responses to these requests, it is incumbent upon him to do so. See id. at 1246-47. Further amended responses to these requests will be required. See Id. (explaining courts usually order supplemental responses rather than deem matters admitted upon an insufficient showing of reasonable inquiry).

**B. Individual RFAs and Rulings**

REQUEST FOR ADMISSION No. 5:  Please admit that on March 23, 2021, YOU were informed that Room 7 was the only ADA room and that it was occupied by another guest.

RULING: The motion is denied because there is no further response to compel absent evidence plaintiff is lying.

REQUEST FOR ADMISSION No. 7: Please admit that on March 23, 2021, Rebecca Minna booked the Mossbrae Hotel's Deluxe King Studio (Room#2) room on booking.com

RULING: The motion is granted to the extent that plaintiff must provide defendant with a further response within 14 days, either admitting or denying the request or describing in detail the reasonable inquiries that were made.

REQUEST FOR ADMISSION No. 9: Please admit that the Mossbrae Hotel's Deluxe King Studio (Room#2) that Rebecca Minna booked on March 23, 2021, on booking.com was non-refundable.

RULING: The motion is granted to the extent that plaintiff must provide defendant with a further response within 14 days, either admitting or denying the request or describing in detail the reasonable inquiries that were made.

REQUEST FOR ADMISSION No. 10: Please admit that on March 23, 2021, when YOU and YOUR wife, Rebecca Minna, arrived at the hotel, YOU were informed that YOU didn't rent

the ADA room, but an upstairs, non-ADA room.

RULING: The motion is denied because there is no further response to compel absent evidence that plaintiff is lying.

REQUEST FOR ADMISSION No. 11: Please admit that on March 23, 2021, YOU were told that Room 7, the ADA room, was currently occupied by another guest so YOU could not rent Room 7.

RULING: The motion is denied because there is no further response to compel absent evidence that plaintiff is lying.

REQUEST FOR ADMISSION No. 13: Please admit that in the period from December 2018 through December 2019, YOU filed twelve (12) ADA lawsuits: [….][1].

RULING: The dockets for all 12 cases are available on PACER and the current opposing counsel, Potter Handy/Center for Disability Access, were attorneys of record in those cases. The motion is granted to the extent that plaintiff must provide a further response within 14 days, either admitting or denying the request or describing in detail the reasonable inquiries that were made.

REQUEST FOR ADMISSION No. 14: Please admit that YOU dismissed all of YOUR ADA lawsuits referenced in Request for Admission No. 13 above.

RULING: The motion is granted to the extent that plaintiff must provide defendant with a further response within 14 days, either admitting or denying the request or describing in detail the reasonable inquiries that were made.

REQUEST FOR ADMISSION No. 16: Please admit that YOU never sent a safe harbor letter to DEFENDANTS informing them of the allegations in Paragraphs 10-25 and 28-32 of YOUR COMPLAINT.

SECOND SUPPLEMENTAL RESPONSE: Objection: vague and ambiguous as to "safe harbor letter." Unless or until propounding party clarifies the term of the request, Plaintiff is unable to respond. Plaintiff reserves his rights to amend or supplement his response to this request. Plaintiff does not mention or refer to a "safe harbor letter" in his complaint.

---

[1] Case names and numbers are omitted.

RULING: Defendant argues plaintiff should be able to respond because defendant clarified that "safe harbor letter" means the same thing as used in paragraph 30 of the first amended complaint. Therein, plaintiff alleged: "The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards." (ECF No. 13 at ¶ 30.) The party objecting to a term or phrase used in a discovery request as vague or ambiguous has the burden to show such vagueness or ambiguity. Plaintiff does not meet this burden. In responding further to this RFA, plaintiff should consult with plaintiff's counsel, if necessary, and/or include any reasonable definition of "safe harbor letter" necessary to clarify the response. See generally Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 310 (D. Kansas 1996) (a party responding to a discovery request "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized").

**IV. ORDER**

In accordance with the above, IT IS HEREBY ORDERED:

1. The August 31, 2022 hearing on the motion to deem matters admitted is VACATED.
2. Defendant's motion to deem matters in RFAs admitted (ECF No. 25) is granted in part and denied in part, as follows:
    a. Within 14 days, plaintiff must provide defendant with further responses to RFAs 7, 9, 13 and 14, either admitting or denying the request, or describing the reasonable inquiries made. Plaintiff's failure to so respond will be deemed an admission.
    b. Within 14 days, plaintiff must provide defendant with a further response to RFA 16, which may include a reasonable definition of the ambiguous phrase to clarify the response. Plaintiff's failure to so respond will be deemed an admission.
    c. In all other respects, the motion is denied.

Dated: August 23, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Minna21cv1329.RFAs